```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
COMPONENT HARDWARE GROUP, INC., :
                                :
      Plaintiff,                :   CIVIL ACTION NO. 05-891 (MLC)
                                :
      v.                        :     ORDER DENYING MOTION
                                :   FOR PARTIAL SUMMARY JUDGMENT
TRINE ROLLED MOULDING CORP.,    :       WITHOUT PREJUDICE
                                :
      Defendant-Counterclaimant.:
                                :
```

This matter coming before the Court on the motion of defendant-counterclaimant, Trine Rolled Moulding Corp., for (1) summary judgment in its favor as to all of the claims in the Complaint, and (2) partial summary judgment on liability for Counts I, III, IV, VI and VII of the Counterclaim; and the Court observing that said motion was filed on October 25, 2005, just subsequent to completion of preliminary injunction proceedings and prior to the completion of the pleadings and the commencement of Rule 16 discovery; and it appearing that said motion has been pending while discovery continues to progress under the supervision of the Magistrate Judge; and it appearing that there is currently pending a motion to amend the counterclaim (dkt. entry 76); and the summary judgment motion relying in part on preliminary findings of the Court set forth in its Memorandum Opinion filed June 27, 2005, which were expressly made on a

preliminary basis only (see dkt. entry 38, at 70)[1]; and under the circumstances the Court deeming the present motion for summary judgment to be premature; and good cause appearing,

---

[1]   Here we note the recent admonition of our Court of Appeals regarding the distinction between the role of the court in ruling upon preliminary injunction and summary judgment motions, particularly in a trademark case:

> The District Court's earlier grant of a preliminary injunction ... is irrelevant to our review of the grant of summary judgment. In the posture before us -- a trademark case in which summary judgment proceedings follow a grant of a preliminary injunction in the plaintiff's favor -- the distinction between the standards for summary judgment and preliminary injunction become critical. "Failure to strictly observe the principles governing summary judgment become particularly significant in a trademark or tradename action, where summary judgments are the exception." Country Floors [Inc. v. Partnership Composed of Gepner and Ford], 930 F.2d [1056,] 1062-63 [(3d Cir. 1991)]. "[I]nferences concerning credibility that were previously made in ruling on [a] motion for preliminary injunction cannot determine [a] Rule 56(c) motion and should not be used to support propositions that underpin the decision to grant the motion for summary judgment." Id. at 1062. This is because, inter alia, "[c]redibility determinations that underlie findings of fact are appropriate to a bench verdict." Id. But "[t]hey are inappropriate to the legal conclusions necessary to a ruling on summary judgment." Id. A District Court should not weigh the evidence and determine the truth itself, but should instead determine whether there is a genuine issue for trial. Id.

Doebler's Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 (3d Cir. 2006) (reversing summary judgment and remanding).

**IT IS THEREFORE** on this 29th day of June, 2006, **ORDERED** that the motion of defendant-counterclaimant, Trine Rolled Moulding Corp., for partial summary judgment (dkt. entry 52) is **DENIED WITHOUT PREJUDICE,** and may be renewed on the basis of the papers previously filed, and additional submissions to be filed, at a time to be designated by the Magistrate Judge, after the conclusion of all remaining relevant discovery.

                                           s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge